UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JENNIFER KRALEY HEINRICH, Individually and as limited guardian ad litem for A.K.J., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE ROCK SCHOOL DISTRICT, a Municipal Corporation,<br><br>Defendant. | No. 3:23-cv-05945-TMC<br><br>ANSWER TO COMPLAINT FOR DAMAGES |

Defendant Castle Rock School District (Defendant), by and through its undersigned counsel, answer the allegations set forth in Plaintiff's Complaint for Damages as follows (the numbered paragraphs in this Answer are intended to correspond directly with the paragraph numbers in Plaintiff's Complaint for Damages):

**I.**

1.1     Defendant admits that this lawsuit is for damages against it. Liability is denied. To the extent anything additional or different is alleged herein, Defendant denies the same.

1.2     Defendant admits this is a lawsuit for alleged discrimination, endangerment and negligence however Defendant denies the veracity of the allegations. Defendant admits a tort claim was filed more than 60 days ago.

ANSWER TO COMPLAINT FOR DAMAGES - 1
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

### III. [1]

3.1     Defendant admits the allegations herein.

### IV.

4.1     Paragraph 4.1 states only, "Plaintiffs," and therefore does not require an answer from Defendant.

4.1.1   Defendant does not have sufficient information to admit or deny the allegations herein, and therefore denies the same.

4.1.2   Defendant admits the allegations herein.

4.1.3   Defendant does not have sufficient information to admit or deny the allegations herein, and therefore denies the same.

4.2     Paragraph 4.1 states only the word, "Defendants," and therefore does not require an answer from Defendant.

4.2.1   Defendant admits the allegations herein.

### V.

5.1     Defendant admits the allegations herein.

5.2     Defendant admits A.K. is a minor student. Further answer would require disclosure of information protected by FERPA.

5.3     Defendant denies allegations in paragraph 5.3.

5.4     First, the District notes its belief that Plaintiff is referring to counselor Scott Robbins, when referring to "Mr. Roberts," and will therefore refer herein to "Mr. Robbins" as accurate. The District is without sufficient information and knowledge so as to answer the first sentence of paragraph 5.4, and therefore denies the same. The District also denies the second sentence in paragraph 5.4. In particular, Mr. Robbins, Mr. Henton and Mr. DeGraaff had not heard the alleged rumors referred to in paragraph 5.4 in January 2023, and therefore deny. The District admits that A.K. did come in asking to speak with Scott Robbins on February 6, 2023,

---

[1] Plaintiff's Complaint starts the section titled "VENUE" at III. instead of II.

ANSWER TO COMPLAINT FOR DAMAGES - 2
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

but Mr. Robbins was not at school that day and Mr. DeGraaff immediately emailed Mr. Robbins telling him that A.K. wished to speak with him.  A.K. did not indicate with particularity what he wanted to speak to Mr. Robbins about and did not mention any rumors. To the extent anything additional of different is alleged herein, denied.

5.5   Defendant admits that A.K. had repeat check-ins with Counselor Garrett DeGraaff.  During those meetings throughout the first semester, A.K. did not make any complaints about other students or rumors.  A.K. rather talked about his life at home, indicating it was chaotic, and that he was not living with his mother full time but part time, and also living with his mother's former partner Sean Kraley.   A.K. indicated that his relationship with his mother was strained, and he had been living in Vader with Mr. Kraley.  A.K. also told Mr. DeGraaff about possible abuse by his biological father when he was much younger, that had previously been reported.

5.6   The District is without sufficient information or knowledge to admit or deny the actual words exchanged between A.K. and D.G. during the alleged on February 3, 2023 or between the students before that date, as alleged.  The District denies that A.K. told any staff or administration member about these rumors or name-calling as is alleged throughout the Complaint.

5.7   The District admits that on or about February 7, 2023, A.K. approached D.G. in the lunchroom and motioned for him to meet him in the boys bathroom.  Video footage of that occurrence show as much and speaks for itself.

The District denies that the staff members did not enter the bathroom until 2-3 minutes after the A.K. and D.G. entered.  Rather, the District admits that Mr. Robbins witnessed the exchange in the lunchroom and followed D.G. into the bathroom, arriving approximately 15 seconds after D.G.  Mr. DeGraaff followed shortly after Mr. Robbins.  The two staff witnessed A.K. and D.G. standing face to face, name-calling each other and taunting the other to fight. There were a few students with their phones out.  Mr. Robbins and Mr. DeGraaff immediately

ANSWER TO COMPLAINT FOR DAMAGES - 3
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA  98104
Tel. 206.462.6700  Fax 206.462.6701

1  started to attempt to disperse the students, which took several repeated directions. One student was brought to the office and his phone was taken from him by the acting principal for the day, Jeanie Foster, Director of Special Services. Both A.K. and D.G. were spoken to separately right after the incident. They were asked what they wanted to do, and A.K. said he wanted to return to class. To the extent anything additional or different is alleged in this paragraph, denied.

5.7[2]   The District is without sufficient information or knowledge to admit or deny whether A.K. was being called names or what was said to him by other students once he returned to class after the February 7, 2023 incident. The District admits that after the incident, A.K. was given the choice and he asked to go to class but then shortly thereafter came to office.

When he came to the office, A.K. spoke to Mr. DeGraaff who could see that A.K. was escalated but did not appear to be having a panic attack. Mr. DeGraaff told A.K. he could either call his mom, sit in Mr. DeGraaff's office to wait for Assistant Principal Henton to return to school, or sit and wait in a second empty office/meeting room, or go back to class. A.K. elected to sit in the second office and wait for Mr. Henton. That room is typically used for counselor meetings and therefore the blinds are usually drawn for privacy with a small crack at the bottom of the blinds. A.K. did not complain about waiting in the second office or the blinds being closed. No one observed that A.K. was allegedly having a panic attack or attempting to self-harm. A.K. stayed in the room voluntarily and then left, appearing to return to class, and then came back to wait for Mr. Henton in the second room. According to video footage, the longest length of time Z.K. stayed in the office was 27 minutes, from 1:33 to 2:00 pm.

The District is without sufficient information to admit or deny that other students were looking into or making comments to A.K. while he waited in the second office, however Mr. DeGraaff, in his office next door, did not witness any students doing so. The District denies that A.K. was in the second office for two hours.

---

[2] Complaint renumbers at 5.7.

ANSWER TO COMPLAINT FOR DAMAGES - 4
3:23-cv-05945-TMC
996010

5.8     Once Mr. Henton returned to school, Mr. DeGraaff immediately told Mr. Henton what was happening, and Mr. Henton went to talk to A.K. right away and called Jennifer Kraley as well.  Mr. Henton also completed a student incident form.  The District is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 5.8.

5.9     The District admits that Ms. Kraley contacted the District on or about February 9, 2023 and filed a Formal Complaint, wherein it is alleged that A.K. "was being sexually harassed for over 10 school days, staff was aware, and the rumors were spread during school hours, and class times via cell phones and by verbal means directly to my son and others. This being ignored, lead to an incident during lunch, with limited supervision a near fight occurred." The District admits that Superintendent Ryan Greene met with Ms. Kraley on or about February 13, 2023 to discuss investigation of the complained-of incidents.  Mr. Greene told Ms. Kraley that the Title IX Compliance Officer Bryan Keatley was investigating the complaints, but after her continued complaints, the investigation had been assigned to an outside investigator per her request.  On February 14, 2023, Ms. Kraley emailed Mr. Greene a list of questions about his investigation, the incident, and other educational issues, to which Mr. Greene responded promptly with answers.  To the extent anything additional or different is alleged in paragraph 5.9, denied.

5.10    The District admits that on March 5, 2023, it hired an outside investigator to investigate Ms. Kraley's complaints.  To the extent anything additional or different is alleged in paragraph 5.10, denied.

5.11    The District's knowledge of the March 15, 2023 incidents alleged herein is taken from the investigation completed thereafter.  A.K. did not complain to any staff or administrator about V.G. on that day.  Following its investigation, including video review and witness interviews, the District admits that V.G. approached A.K. in the bathroom on or about March 15, 2023.  The District is without sufficient information or knowledge to admit or deny

3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

the precise language used during the exchange. The District admits that V.G. was called into Assistant Principal's office and asked about the incident. Following the incident, Assistant Principal Henton saw A.K. exiting the bathroom and A.K. said he needed to use the bathroom, A.K. replied there were "a bunch of guys in there" and Assistant Principal Henton walked in to see what was happening but nothing unusual was going on. After, Principal Brooke French took A.K. to call his mother because A.K. seemed upset. A.K. said he did not want to call his mother and went into Mr. DeGraaff's nearby. A.K. went to DeGraaff's office and complained that Ms. French wasn't handling the situation, that he was leaving the school district for Kelso School District. Mr. DeGraaff told A.K. they could talk but they needed to phone his mother first based on Ms. Kraley's request that she or her attorney was present when anyone from school talked to A.K. A.K. said he was leaving for the day and wanted to call his stepfather and then ran out of the office. A.K.'s stepfather picked him up and signed him out shortly thereafter. The District denies that any staff or administrator ever told A.K. that they refused to speak with him. To the extent anything additional or different is alleged herein, denied.

5.12   The District is without sufficient information or knowledge to admit or deny the allegations in paragraph 5.12 and therefore denies, however the District admits that A.K. did not return to Castle Rock High School after March 15, 2023.

5.13   The District's knowledge of the events alleged herein during February 2023 are taken from the District's investigation performed in response to Ms. Kraley's subsequent complaints. The District admits that during Media Literacy class, teacher Gian Saja, while discussing an article AI that mentioned anti-Semitism, Mr. Saja asked his class whether anyone practiced the Jewish faith, not a single student responded, including A.K. The District is without sufficient information or knowledge to admit or deny the further allegations in paragraph 5.13, but denies any staff were made aware of rumors about A.K. being Jewish during the month of February 2023 as alleged. The District admits that it discovered, via its external investigation, that on March 13, 2023, teacher Stephen Hart was teaching about WWI

ANSWER TO COMPLAINT FOR DAMAGES - 6
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

and the rise of Fascism and Totalitarianism, as well as Hitler and Nazi Germany. Halfway through class, students were directed to work alone or in small groups analyzing primary documents from that time period, one of which depicted a swastika on an armband on Hitler. Mr. Hart heard A.K. exclaim loudly at another student, and then saw him walk out into the hallway. Mr. Hart noticed that the student had drawn a small swastika on her hand and spoke to the student about the reaction that could provoke and directed her to review a passage of a textbook about the symbol and its history. Mr. Hart then went to speak to A.K., and A.K. returned to class and participated in class peacefully after. The other student appeared upset and asked for a tissue to clean her hand. Mr. Hart suggested she apologize to A.K. To the extent anything additional or different is alleged, denied.

5.14   This paragraph does not allege any additional substantive facts, and the District therefore generally denies any allegations therein of discrimination or wrongful conduct.

5.2   The paragraph states only "special relationship" and therefore requires no answer from the District.

5.2.1   The District admits that at times, and contexts provided for by law that it has a special relationship with A.K. as its student and that he is afforded certain protections as a student, including the District's duty at legally prescribed scope, times and places, to protect students. The District denies that it failed to protect A.K.

**VI.**

6.1   The District incorporates all prior answers and responses to the allegations set forth in Plaintiff's Complaint in response to the following alleged injuries and causes of action. The District denies it acted negligently.

6.2.   The District incorporates all prior answers and responses to the allegations set forth in Plaintiff's Complaint in response to the following alleged injuries and causes of action. The District denies it acted negligently or negligently inflicted emotional distress on Plaintiff or A.K.

ANSWER TO COMPLAINT FOR DAMAGES - 7
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

6.3     The District incorporates all prior answers and responses to the allegations set forth in Plaintiff's Complaint in response to the following alleged injuries and causes of action. The District denies it destroyed or damaged Plaintiff and A.K.'s parent-child relationship.

6.4     The District incorporates all prior answers and responses to the allegations set forth in Plaintiff's Complaint in response to the following alleged injuries and causes of action. The District denies it violated Title IX.

## VII.

7.1     The District denies that it is liable for any acts or omissions causing the alleged damages and injuries to Plaintiff and/or A.K. as alleged and described in paragraph 7.1.

## VIII.

The District denies that Plaintiff is entitled to any of the relief requested in subparagraphs (1) through (4) inclusive.

As to any allegations contained in Plaintiff's Complaint for Damages to which an answer has not yet been given, the District expressly denies such allegations.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER and without waiving any allegations previously denied and without conceding it has the burden of proof as to any of the stated defenses, the District asserts the following affirmative defenses:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted;

2.     Plaintiff's injuries and damages, if any, were proximately caused or contributed to by the fault of other parties for whom the District has no responsibility, whether direct or vicarious;

3.     An award of punitive damages is not available against the District;

ANSWER TO COMPLAINT FOR DAMAGES - 8
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

4. Plaintiff's alleged injuries and damages, if any, were proximately caused by independent intervening and superseding acts or omissions done by persons other than the District; and

5. Plaintiff has failed to mitigate her alleged injuries and damages, if any.

**RESERVATION OF RIGHTS**

The District reserves the right to amend its Answer to Plaintiff's Complaint for Damages by way of adding additional affirmative defenses and counterclaims, as may be warranted by discovery.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Damages, the District prays for judgment as follows:

1. For judgment against the Plaintiff, dismissing Plaintiff's claims with prejudice and without costs to Plaintiff; and

2. For such other and further relief as this Court deems proper, just, and equitable.

DATED this 13th day of December, 2023.

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

By: *s/ Patricia K. Buchanan*
    *s/ Haley E. Moore*
Patricia K. Buchanan, WSBA 19892
Haley E. Moore, WSBA 48072
Attorneys for Defendant
1000 Second Ave., 30th Floor
Seattle, WA 98104
pkb@pattersonbuchanan.com
hem@pattersonbuchan.com

ANSWER TO COMPLAINT FOR DAMAGES - 9
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA 98104
Tel. 206.462.6700  Fax 206.462.6701

# CERTIFICATE OF SERVICE

I hereby certify that on December 13th, 2023, I electronically filed the foregoing, including any attachments, with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to the following:

| ATTORNEY NAME & ADDRESS | METHOD OF DELIVERY |
|---|---|
| Mr. Thaddeus P. Martin<br>Law Office of Thaddeus P. Martin<br>3015 Bridgeport Way West<br>University Place, WA  98466<br>Thad@thadlaw.com | ■ ECF notification |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of December, 2023, at Seattle, Washington.

                      *s/ Jennifer Friesen*
                      Jennifer Friesen

ANSWER TO COMPLAINT FOR DAMAGES - 10
3:23-cv-05945-TMC
996010

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

1000 Second Ave., 30th Floor, Seattle, WA  98104
Tel. 206.462.6700  Fax 206.462.6701